IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LENNIE PERRY, <br><br> Defendant. | Case No. 18 CR 703 <br><br> Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Defendant Lennie Perry ("Defendant") brings this Motion for a New Trial [Dkt. No. 302] pursuant to Federal Rule of Criminal Procedure 33, arguing this Court erred during trial in (1) denying Defendant's request for attorney representation in violation of Defendant's Sixth Amendment right to counsel; and in (2) its statement to witness Darryl Arnold ("Arnold") regarding Arnold's Fifth Amendment right against self-incrimination. For the reasons stated herein, the Court denies Defendant's Motion for a New Trial.

### I. BACKGROUND

Defendant was charged by indictment on October 17, 2018, with sex trafficking of eight minors in violation of 19 U.S.C. § 1591. [Dkt. No. 1.] While Defendant was initially represented by two court-appointed attorneys, he elected to proceed *pro se* after these two attorneys moved to withdraw from the case. [Dkt. No. 64.] At a March 5, 2020 hearing conducted on the attorneys' withdrawal,

the Court pressure-tested the Defendant's ability to represent himself adequately prior to permitting him to proceed *pro se*. [Dkt. No. 296.] Defendant assured the Court he was capable, that he did not want another court-appointed attorney, and that he had resources to assist him in his endeavors should he need. [*Id*. at 2-6.] The Court appointed standby counsel, who, two months later, Defendant moved to appoint as "lead attorney." [Dkt. Nos. 90, 96.] On August 18, 2020, Defendant moved to continue the trial date, which the Court granted. [Dkt. No. 148.] On December 17, 2020, the Court granted the lead attorney's motion to withdraw from the case, [Dkt. No. 160], and a few weeks later, Keri Ambrosio ("Ambrosio") and John Legutki ("Legutki") appeared as counsel and co-counsel, respectively. [Dkt. Nos. 162, 172.]

On May 11, 2021, Defendant moved to remove Ambrosio as his counsel based on an alleged conflict of interest [Dkt. No. 173]. During a status hearing on the motion [Dkt. No. 176], Defendant again expressed a desire to proceed *pro se*. This Court advised Defendant he retain counsel, and appointed Legutki as standby counsel. The Court held a formal *Faretta* hearing on Defendant's decision to proceed *pro se* on July 6, 2021, at which it ruled that Defendant had sufficiently established he understood he was waiving his right to counsel and desired to proceed *pro* se. [Dkt. No. 205 at 9.]

At the October 21, 2021 pretrial conference, Defendant raised a motion to delay the trial he had filed which the Court denied. [Dkt. No. 231.] Defendant did not otherwise request representation. On the first day of trial, October 28, 2021, Legutki inquired about what his role as standby counsel would be, noting that Defendant had never once requested he assist with any significant legal work. The trial proceeded and Defendant began his cross-examination of the first witness. After it became evident that Defendant was unfamiliar with the rules of evidence and unable to properly conduct the cross-examination, Defendant requested his standby attorney represent him. [Dkt. No. 277 at 175-176.] This Court denied this request, noting that it was too late for Defendant to walk back his waiver of his right to counsel and decision to proceed *pro se.* [*Id.* at 176.] On November 4, 2021, a jury returned a verdict finding Defendant Perry guilty on seven counts [Dkt. No. 257].

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 33, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. PRO. 33; *United States v. McGee,* 408 F.3d 966, 979 (7th Cir. 2005). A motion under Rule 33 is not "to be granted lightly." *United States v. Hester,* 2012 WL 1655950 at *5 (N.D. Ill. May 10, 2012) (citing *United*

*States v. Santos,* 20 F.3d 280, 285 (7th Cir. 1994). Instead, the Seventh Circuit instructs courts to grant a motion for a new trial "only if the evidence preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Swan,* 486 F.3d 260, 266 (7th Cir. 2007) (citations omitted).

### III.  DISCUSSION

#### A.  Sixth Amendment Right to Counsel

At issue is not whether Defendant's waiver of his Sixth Amendment right to counsel was knowing and informed, but whether this Court was within its discretion to deny Defendant's request for attorney representation during trial as untimely. While criminal Defendants' waivers of their rights to counsel are not set in stone, District Courts are afforded discretion to "deny as untimely requests for counsel made after meaningful trial proceedings have begun." *U.S. v. Tolliver,* 937 F.2d 1183, 1187 (7th Cir. 1991). Defendants do not have an "unfettered" right to Sixth Amendment right to counsel once waived and run the risk that the "judge will hold him to his original decision." *U.S. v. Solina,* 733 F.2d 1208, 1211-12 (7th Cir. 1984).

In *U.S. v. Solina,* the Seventh Circuit upheld the District Court's denial of such an eleventh-hour request for counsel after both defendants had knowingly waived their right and then proceeded

to request representation on the opening day of trial. One defendant secured counsel just before trial began and, on the day of trial, his new counsel requested a continuance to familiarize himself with the case. *Solina*, 733 F.2d at 1211. The second defendant requested his standby counsel take over during trial despite waiving this right, and standby counsel then requested a continuance to prepare. *Id*. at 1211-12. The Seventh Circuit reasoned that it was inclined to defer to the District Court's "intuition," based on the District Court's proximity to the parties and to the matter, that both defendants intended to delay the trial. *Id.* at 1212. The court also held that the requested continuances were sufficient reasons on their own to deny the requests. *Id.*

    Defendant seeks to distinguish *Solina* as one that upheld the District Court's denial solely on the basis of the existence of the requested continuances. Defendant contends this Court, unlike the *Solina* court, denied his request before any such request for continuance was made, improperly assuming a delay that was not certain to unfold. This is unpersuasive not only because the *Solina* Court does not limit its opinion to the existence of the express continuance requests, but also because such a reading would unduly undermine the Court's discretion to appreciate a risk of delay even where one is not expressly requested.

Such discretion – afforded to district courts in instances even where a "continuance" is not expressly requested – is just what the Third Circuit in *U.S. v. Leveto* endorsed. 540 F.3d 200 (3rd Cir. 2008). There, the defendant requested to bring on standby counsel after trial had begun and after knowingly waiving his right to counsel. *Id.* at 208-09. Despite not explicitly requesting a continuance of the trial, the Court denied the defendant's request as untimely and on the basis of expected delays. *Id.* at 209-10. Defendant argued the Court's denial was improper as the defendant never actually requested a continuance – precisely what Defendant argues here. *Id.* at 209. The Third Circuit upheld the denial and refused to "limit[] its consideration of delay to only those instances where a continuance is expressly requested," as this would "hamstring the discretion of the district court." *Id.* The court went on to hold that district courts "as a matter of law" may consider "*sua sponte* the potential delay or disruption that would result from a change of counsel." *Id.*

The record here supports this Court's concern that an eleventh-hour transition from *pro se* to counsel – after trial had started and when standby counsel was not up to speed on the complex issues of the case – would inevitably result in delay to the detriment of the parties, the Court, and other litigants. *See U.S v. Kosmel,* 272 F.3d 501, 506 (7th Cir. 2001) ("[O]nce trial

commences, the district court retains discretion to balance the interests of the defendant against the potential disruption of the proceedings already in progress.") This Court's concern about delay was underscored by Defendant's repeated successful and unsuccessful attempts up until that point to postpone the trial. Thus, the Court denies Defendant's Motion for a New Trial on the grounds that this Court erred in denying Defendant's request for representation.

### B. Testimony of Darryl Arnold

Defendant also moves for a new trial on the basis of this Court's alleged incorrect statement of the law made to Darryl Arnold ("Arnold"), whom Defendant subpoenaed as part of his defense. At the time of Defendant's trial, Arnold had been charged in a separate case with four counts of sex trafficking minors, including two of the same victims in Defendant's case. *See U.S. v. Arnold,* 18-cr-206 (Alonso, J.). Defendant contended during trial that Arnold was willing to testify on his behalf. When this Court brought Arnold in and asked if he would like to testify, Arnold expressed he wanted to testify so long as he could exercise his Fifth Amendment "at any time [he] please[d]." [Dkt. No. 281 at 736-37.] This Court told Arnold that he could not assert his Fifth Amendment privilege "at any time," or "during the course of the testimony." [*Id.* at 738.] The Court also told Arnold "[o]nce you

submit to testimony, you are – it opens up the case." [*Id*. at 737.] Defendant contends this was an incorrect statement of law because by testifying, Arnold would not be waiving his Fifth Amendment rights entirely. Rather, Defendant argues Arnold would only be precluded from invoking his Fifth Amendment right if he voluntarily answered as to materially criminating facts, after which he would be unable to refuse further explanation.

The Court does not find the statements it made to Arnold merit a new trial. First, the Court was not incorrect: were Arnold to begin testifying about relevant and incriminating facts, he would not be able to invoke his Fifth Amendment privilege selectively. *See United States v. Davenport,* 929 F.2d 1169, 1174 (7th Cir. 1991) (privilege against self-incrimination does not permit individuals to "attempt to gain an advantage in the criminal process . . . by selective disclosure followed by a clamming up.") Second, Defendant has not asserted any prejudice or any confusion by the jury as a result of Arnold's decision not to testify. And third, Arnold's decision not to testify was a result not only of this Court's explanation about his Fifth Amendment rights but also a result of Arnold's privileged and informed conversation with his own counsel, whom he called just before deciding not to testify and who advised Arnold from the outset not to testify.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's Motion for a New Trial is denied.

**IT IS SO ORDERED.**

                                                      _____
                                                      Harry D. Leinenweber, Judge
                                                      United States District Court

Dated: 9/13/2023